Scileppi, J. (dissenting).
In our opinion there was no unlawful search and seizure in this case. We conclude that the Hearing Judge was correct in holding that there was no issue of consent.
The purpose of a suppression hearing is to determine whether proposed evidence was obtained by the prosecution by means of an unlawful search and seizure (Code Crim. Pro., § 813-c et seq.). The Hearing Judge must make two determinations: (1) whether or not there was a search and seizure and (2) if so, whether the search and seizure was reasonable. Common sense tells us that the Hearing Judge must first find, expressly or implicitly, that there was a search and seizure before he can ascertain whether it was reasonable.
In the instant case the Hearing Judge found, as a fact, that the officer did not search the defendant since the defendant had, *393 of his own volition, turned the contraband over to him. The issue of consent was not reached since it was never established that there was ever a search. The only reviewable question is whether the Judge’s factual determination that there was no search was proper. In our opinion it was (cf. People v. Leonti, 18 N Y 2d 384).
Although it may be true that a search no longer necessitates a physical examination of a person or his property (Berger v. New York, 388 U. S. 41), it has never been held, at least in this jurisdiction, that a statement made by a police officer as innocuous as “ What have you got this time ” constitutes a search. We have held that a frisk is not a search even though it actually involves a physical intrusion (People v. Rivera, 14 N Y 2d 441). Moreover, in the “ abandonment ” cases, this court has declared that there is no search and seizure where an officer retrieves contraband that is abandoned by the defendant since possession has voluntarily been relinquished (People v. Pittman, 14 N Y 2d 885). It is our opinion that it cannot reasonably be held that an unsolicited relinquishment of possession of contraband is any more of a search than in an abandonment situation.
In a recent case involving the constitutional right of counsel and the right against self incrimination we held that a suspect’s confession which he blurted out on a street in response to an accusation by a police officer was voluntary and admissible even though the officer was aware that the suspect’s attorney had demanded that the police no longer question his client (People v. McKie, 25 N Y 2d 19). Although it is true that McKie involved different constitutional safeguards, the reasoning in that case is applicable here. The voluntary act of the defendant in response to the officer’s question, in the instant case, is quite similar to McKie’s blurted out confession in response to the detective’s accusation.*
The Hearing Judge, in the instant case, chose to believe the testimony of the arresting officer as to the circumstances surrounding the arrest and found that there had been no search. *394 In onr opinion that testimony could be found to be credible by the trial court in its determination that there was no search.
The judgment of conviction should be affirmed.
Chief Judge Fuld and Judges Breitel and Gibson concur with Judge Burke; Judge Scileppi dissents and votes to affirm in a separate opinion in which Judges Bergan and Jasen concur.
Judgment reversed and case remitted to the Criminal Court of the City of New York for further proceedings in accordance with the opinion herein.

 In People v. McKie (25 N Y 2d 19) the defendant, murder suspect, who had been under surveillance, approached the detective watching him and asked “When are you guys going to stop bugging me?” One of the officers replied “You weren’t so brave when you killed that little old lady”, whereupon the suspect said, “ Sure I did it, but you guys can’t prove it”.